GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
(973) 360-7900
Attorneys for Plaintiff
*Beauty Plus Trading Co.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEAUTY PLUS TRADING CO., <br><br> Plaintiff, <br><br> v. <br><br> BEE SALES CO. <br><br> Defendant. | Civil Action No. _____ <br><br> **COMPLAINT** <br><br> **[DEMAND FOR JURY TRIAL]** |

For its Complaint, Plaintiff Beauty Plus Trading Co. hereby alleges as follows:

### PARTIES

1. Plaintiff Beauty Plus Trading Co. ("Plaintiff" or "Beauty Plus") is a corporation, organized and existing under the laws of New Jersey, having its principal place of business at 210 West Commercial Avenue, Moonachie, New Jersey 07074.

2. Upon information and belief, Defendant Bee Sales Co. ("Defendant" or "Bee Sales") is a business located at 6330 W. Touhy, Niles, Illinois 60714.

### JURISDICTION AND VENUE

3. This is an action for trademark infringement and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, and common law.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b); and 15 U.S.C. §§ 1116. This Court has jurisdiction,

pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiff's claim for unfair competition under the laws of the State of New Jersey.

5. Upon information and belief, Defendant sells its products, including the infringing products, throughout the United States, and including in New Jersey.

6. This Court has personal jurisdiction over Defendant due to Defendant's transaction of business in New Jersey with citizens of this state.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 since a substantial part of the events giving rise to the claims occurred in this judicial district and Defendant is an entity subject to personal jurisdiction in this judicial district.

8. Plaintiff is seeking damages from Defendant in excess of $75,000.

## PLAINTIFF'S INTELLECTUAL PROPERTY

9. Plaintiff markets and sells in the United States a variety of high quality hair products under the trademark HAVANA MAMBO, as described more fully below.

10. Plaintiff is the owner of U.S. Trademark Application Serial No. 86/572,732 (hereinafter, the "'732 Application"), filed on March 23, 2015 for the mark HAVANA MAMBO, as applied to "hair extensions; hair pieces". The '732 Application is valid and is currently undergoing its final review before registration at the United States Patent and Trademark Office.

11. Upon information and belief, prior to any use that can be claimed by Defendants, Plaintiff began promoting, marketing, selling and/or distributing hair products bearing Plaintiff's HAVANA MAMBO mark, extensively throughout the United States, including New Jersey.

12. Since the adoption of Plaintiff's HAVANA MAMBO mark, Plaintiff has continuously and extensively promoted, marketed, sold and distributed hair products throughout New Jersey and the United States under Plaintiff's HAVANA MAMBO mark. Plaintiff's HAVANA MAMBO product was an instant commercial hit such that the mark has become well known and has built up significant goodwill in the relevant marketplace.

## DEFENDANT'S CONDUCT

13. As more fully described below, Defendant is usurping and misappropriating Plaintiff's reputation and goodwill in Plaintiff's HAVANA MAMBO mark for Defendant's own pecuniary gain and, in the process, are infringing Plaintiff's HAVANA MAMBO mark and Plaintiff's goodwill and reputation associated therewith.

14. Upon information and belief, after Defendant learned of the promotion and/or use of Plaintiff's HAVANA MAMBO mark, Defendant rushed to capitalize on Plaintiff's goodwill by adopting the term "mambo" in connection with its hair products, including hair extensions. Specifically, the Defendant uses the mark "Super Senegal Mambo", and minor variations of that mark such as "Super Senegal Mombo" (collectively, the "SUPER SENEGAL MAMBO" mark).

15. Upon information and belief, after Plaintiff had already begun promoting and/or using Plaintiff's HAVANA MAMBO mark, Defendant began marketing and selling hair products, including but not limited to hair extensions, under the SUPER SENEGAL MAMBO mark.

16. Defendant's SUPER SENEGAL MAMBO mark, used to market and brand Defendant's hair extension products, contains the same distinctive "mambo" term as Plaintiff's HAVANA MAMBO mark.

17. Upon information and belief, Plaintiff's hair products and Defendant's hair products are marketed, distributed and sold in the same channels of trade, and are marketed to and purchased by the same class of consumers.

18. Defendant's use of the term "mambo" is an attempt to trade upon Plaintiff's goodwill in an unauthorized, deceptive manner and such use has independently and cumulatively had the effect of confusing consumers as to the affiliation and/or sponsorship of Defendant with/by Plaintiff.

## COUNT ONE

### (Federal Unfair Competition Under 15 U.S.C. § 1125(a))

19. Plaintiff repeats and realleges paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. The goods sold by Defendant are the same type of products as those sold by Plaintiff in connection with Plaintiff's HAVANA MAMBO mark and, as such, Defendant's use is likely to cause confusion within the relevant market.

21. By intentionally using its SUPER SENEGAL MAMBO mark, with knowledge of Plaintiff's prior rights in Plaintiff's HAVANA MAMBO mark, Defendant misrepresents and falsely describes to the general public the origin and source of Defendant's goods and creates a likelihood of confusion or mistake by the consuming public as to the origin and sponsorship of such merchandise.

22. Defendant's unauthorized and unlicensed use of its SUPER SENEGAL MAMBO mark creates express and implied misrepresentations that Defendant's products were created, authorized or approved by Plaintiff, all to Defendant's profit and Plaintiff's damage and injury.

23. Defendant's use of the SUPER SENEGAL MAMBO mark therefore constitutes an infringement of Plaintiff's rights in its HAVANA MAMBO mark under 15 U.S.C. §1125(a).

24. Plaintiff has no adequate remedy at law. If Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to Plaintiff's goodwill and reputation.

## COUNT TWO

### (Common Law Trademark Infringement)

25. Plaintiff repeats and realleges paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. Plaintiff has built up valuable goodwill in Plaintiff's HAVANA MAMBO mark.

27. Defendant has, with full knowledge of Plaintiff's prior trademark rights and without authorization from Plaintiff, used a trademark similar to Plaintiff's HAVANA MAMBO mark to advertise, distribute, sell, and offer to sell hair products, including but not limited to hair extensions.

28. Defendant's acts as alleged herein are likely to cause confusion, mistake and deception to consumers as to the affiliation, connection or association of the

Defendant with Plaintiff, and as to the origin, sponsorship and/or approval of Defendant's goods by Plaintiff.

29. Defendant's unauthorized acts constitute direct infringement of Plaintiff's trademark rights in violation of New Jersey common law.

30. Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury for which Plaintiff has no adequate remedy at law. Plaintiff is therefore entitled to a permanent injunction against further infringing conduct by Defendant.

### COUNT THREE

**(New Jersey Unfair Competition under N.J.S.A. § 56:4-1)**

31. Plaintiff repeats and realleges paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Plaintiff's HAVANA MAMBO mark has obtained secondary meaning in the relevant market in New Jersey.

33. Plaintiff's HAVANA MAMBO mark and Defendant's SUPER SENEGAL MAMBO mark are confusingly similar.

34. Defendant's acts as alleged herein have caused, and are likely in the future to cause confusion, mistake and deception to consumers as to the affiliation, connection or association of Defendant with Plaintiff, and as to the origin, sponsorship and/or approval of Defendant's goods by Plaintiff.

35. Defendant has used the SUPER SENEGAL MAMBO mark in connection with the sale, distribution, offering for sale and/or advertising in New Jersey of goods similar to those sold by Plaintiff under its HAVANA MAMBO Mark.

36. Defendant's activities have caused significant harm and injury to Plaintiff's goodwill and reputation. If Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

37. Defendant's conduct has caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be ascertained at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

A. Preliminarily and permanently restraining and enjoining Defendant and all persons in active concert and participation with Defendant, from:

1. using in any manner Plaintiff's HAVANA MAMBO mark or any confusingly similar mark, alone or in combination with any word or words which so resemble the said trademarks as to be likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale, or sale of any product not Plaintiff's, or not authorized by Plaintiff to be sold in connection with Plaintiff's HAVANA MAMBO mark, including but not limited to the SUPER SENEGAL MAMBO mark;

2. committing any acts calculated to cause purchasers to believe that Defendant's products are those sold under the control and supervision of Plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

3. otherwise competing unfairly with Plaintiff in any manner.

B. That Defendant be required to deliver to Plaintiff for destruction any and all products, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers,

advertising matter, promotional, and other materials in the possession of Defendant or under Defendant's control bearing the SUPER SENEGAL MAMBO mark, alone or in combination with any other words.

    C.    That Defendant be required to forthwith deliver up for destruction their entire inventory of said products bearing the aforesaid infringing SUPER SENEGAL MAMBO trademark or any other mark incorporating the term "mambo".

    D.    That Defendant, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which Defendant has complied with paragraphs A through C, supra.

    E.    Awarding Plaintiff monetary damages, costs, attorney's fees, and an accounting of Defendant's profits attributable to Defendant's unauthorized use of a mark confusingly similar to Plaintiff's HAVANA MAMBO mark, namely, the SUPER SENEGAL MAMBO mark.

    F.    Awarding Plaintiff punitive damages in an amount sufficient to punish Defendant for their infringement of Plaintiff's HAVANA MAMBO mark.

    G.    Granting Plaintiff any other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial on all issues triable by a jury.

Dated: December 8, 2015

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____s/ John K. Kim_____
John K. Kim
Cory M. Gray
William W. Stroever
500 Campus Drive, Suite 400
Florham Park, NJ 07932
(973) 443-7900

*Attorneys for Plaintiff*
*Beauty Plus Trading Co.*